IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: MICHAEL A. DAMICO and
HEDY DAMICO
*a/k/a Hedy Altschuler*
      Debtors,

CARRINGTON MORTGAGE SERVICES,
LLC AS SERVICER FOR WILMINGTON
SAVINGS FUND SOCIETY, FSB, AS
TRUSTEE OF STANWICH MORTGAGE
LOAN TRUST F
      Movant.
v.

MICHAEL A. DAMICO and
HEDY DAMICO
*a/k/a Hedy Altschuler*
      Debtors/Respondents,

KENNETH E. WEST, Trustee
      Additional Respondent.

BANKRUPTCY CASE NUMBER
22-10973 - AMC

CHAPTER 13

11 U.S.C. § 362

HEARING DATE AND TIME:

 September 12, 2023 at 11:00 AM

COURTROOM NO. 4

## MOTION OF CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER FOR WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION §362 (d)

Secured Creditor, Carrington Mortgage Services, LLC as servicer for Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust F ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. §362, hereby seeks relief from the automatic stay to exercise and enforce its rights, without limitation, with respect to certain real property.  In support of this motion, Movant avers as follows:

1.      Debtor named above filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under the above case number.

2.      Movant is the holder of a secured claim against Debtors, secured only by a first mortgage lien on real estate which is the principal residence of Debtors located at 578 Rector Street, Philadelphia, PA 19128 (the "Mortgaged Premises").

3.      Carrington Mortgage Services, LLC services the loan on the Mortgaged Premises referenced in this motion.  In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on

the mortgaged property, the foreclosure will be conducted in the name of Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust F.

4.      Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession.  Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

5.      The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings by Movant to foreclose on the Mortgaged Premises.  Movant requests relief from the automatic stay to continue with the filed mortgage foreclosure action, if any, and to take the necessary action to obtain the Mortgaged Premises.

6.      Additional Respondent is the Standing Trustee appointed in this Chapter 13 proceeding.

7.      Debtors have claimed an exemption in the amount of $43,670.99 in the subject property.

8.      Debtors have failed to make all post-petition monthly mortgage payments.

9.      The defaults include the failure to make the following monthly payments:

| | |
|---|---|
| Payments of $1,900.61 from June 1, 2023 through July 1, 2023 | $3,801.22 |
| Payments of $1,900.60 from August 1, 2023 through August 1, 2023 | $1,900.60 |
| The total amount due (a through b combined) | $5,701.82 |

10.      The Fair Market Value of the Mortgaged Premises is $303,600.00, as per Debtor Schedules.  The approximate amount necessary to payoff the loan is $232,141.84 good through August 4, 2023.  The breakdown of the payoff is as follows:

| | |
|---|---|
| Principal Balance | $226,535.88 |
| Accrued Interest | $4,908.28 |
| Assessed Fees | $697.68 |

11.      Movant's interests are being immediately and irreparably harmed.  Movant is entitled to relief, from the automatic stay, pursuant to either 11 U.S.C. § 362 (d)(1) or (d)(2), because of the foregoing default and because:

    a)      Movant lacks adequate protection for its interests in the Mortgaged Premises;

    b)      Debtors has little, if any, equity in the Mortgaged Premises; and

       c)    The Mortgaged Premises are not necessary to an effective reorganization or plan.

12.    Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

13.    Should relief be granted, all communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtors.

14.    Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary.

Respectfully submitted,

Dated:   08/21/2023

BY:   */s/ Christopher A. DeNardo*

Christopher A. DeNardo 78447
LOGS Legal Group LLP
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406
(610) 278-6800
logsecf@logs.com